# EXHIBIT A

STATE BOARD OF EDUCATION
CHAPTER 43
Statutory Authority: 1976 Code Sections 59-5-60 and 60-9-30

43-170. Uniform Procedure for Selection or Reconsideration of Instructional Materials.

I. Definitions

   A. For purposes of this regulation, "Instructional Material(s)" means materials used in a South Carolina K-12 public school classroom, made available in a public school library/media center, or included on a public school's reading list, whether adopted and/or purchased from the state-adopted instructional materials list, adopted and/or purchased through a district instructional materials program, or otherwise purchased, donated to the school, or made available to students through other means, including but not limited to digital platforms. See S.C. Code Ann. Section 59-19-10. The term "Instructional Materials" as used herein includes any collection of books or materials purchased, acquired, or kept on public school grounds by any teacher or other public-school employee and made available to students, regardless of how or by whom such materials are acquired or purchased.

   B. For purposes of this regulation, "Instructional Program" means the courses, activities, and programs that are offered, supported, or sponsored by a South Carolina K-12 public school, including but not limited to the sequence of courses or activities leading to a degree, diploma, or completion of a grade level as defined and required by the Code, Regulations, or the State Standards promulgated by the State Board of Education ("State Board"). See Sections 59-1-50 and 59-18-100; State Board Regs. R.43-231, R.43-232, R.43-234.

   C. For purposes of this regulation, "Age and Developmentally Appropriate" means topics, messages, materials, and teaching methods suitable to particular ages or age groups of children and adolescents, based on developing cognitive, emotional, and behavioral capacity typical for the age or age group. Instructional Material is not "Age and Developmentally Appropriate" for any age or age group of children if it includes descriptions or visual depictions of "sexual conduct," as that term is defined by Section 16-15-305(C)(1).

II. Responsibility of District School Boards for Instructional Materials; Transparency

   A. The selection, acquisition, use, curation, or removal of public-schools' materials—including materials used in classroom instruction, stocked in the schools' libraries, made available in media centers, used in school-controlled extracurricular activities, or promoted as optional, supplemental Instructional Material—constitutes government speech and involves the exercise of governmental judgment by public officials and employees who are administering a government program financed by public funds. The State Board of Education is statutorily authorized to regulate the selection, acquisition, use, curation, and removal of such materials, and public school district boards are constitutionally permitted and statutorily required to implement such regulations as they exercise their judgment and discretion when deciding what textbooks, library books, and other materials are (and are not) Age and Developmentally Appropriate, academically robust, and educationally suitable, and most useful, enlightening, and interesting to their students.

   B. Each district school board of trustees is ultimately responsible for the selection or continued use of all Instructional Materials. This responsibility includes both the selection of new or additional Instructional Materials after the effective date of this Regulation ("New Instructional Materials") and the retention and continued use of any Instructional Materials that are present in or already in use by a district ("Existing Instructional Materials"). A district's board may, but is not required to, prospectively review and asses its Existing Instructional Materials for compliance with this regulation. Alternatively, a district's board may

# EXHIBIT A

review and assess its Existing Instructional Materials' compliance with this regulation on a case-by-case basis if and when material is challenged pursuant to the procedure set out in Section IV of this regulation.

C. Each district board shall maintain at all times on its website a complete, current list or catalogue of all books and other materials that are available to students through any of a district's libraries or media centers. This list or catalogue shall be regularly updated and prominently displayed om each districts' website to ensure that this information is current, and readily accessible to students, their families, and other interested parties.

D. Separate from the list or catalogue required by the preceding paragraph, a complete list of the Instructional Materials that are used in or available to a student in any given class, course, or program that is offered, supported, or sponsored by a public school, or that are otherwise made available by any public school employee to a student on school premises, shall be provided upon reasonable request by any parent or legal guardian of a student in the district.

III. Criteria for a District's Selection or Review of New or Existing Instructional Materials

A. Each district board is responsible for ensuring that New and Existing Instructional Materials are educationally suitable for use in the State's public schools, including by ensuring the materials are Age and Developmentally Appropriate, as that term is defined herein, for the students served, and are consistent with the State's defined Instructional Program requirements.

B. Upon the effective date of this regulation, a district may select New Instructional Materials or allow Existing Instructional Material to be provided to or remain available to students only if the Instructional Material is (a) Age and Developmentally Appropriate, as that term is defined herein, for students in each school based on grade and age level; and (b) aligned with and supportive of the Instructional Program of the school and district, including consistency with the then-current Profile of a South Carolina Graduate. Any materials that do not satisfy both of the foregoing requirements shall not be acquired, retained, or used by a public school district in this State.

C. When making decisions to select or retain specific Instructional Materials from among those that satisfy the mandatory threshold criteria contained in section III.B. above, each district board shall consider the following additional criteria to determine the educational suitability of the material:
   (1) The material's academic or educational rigor;
   (2) The material's educational significance;
   (3) The material's validity, accuracy, objectivity, currency, and appropriateness;
   (4) The finite availability of library shelf space and whether the space occupied by any particular volume could be better filled by a different volume with greater academic rigor, objectivity, or accuracy, literary or education merit, or quality;
   (5) The finite availability of instructional time and whether the time occupied teaching or learning any particular material could be better spent on material with greater academic rigor, objectivity, or accuracy, literary or educational merit, or quality.

D. In no event shall a school district board's decision to remove Existing Instructional Material or to reject the proposed addition of New Instructional Material be based primarily on or motivated by the district board's disagreement with or opposition to the viewpoints expressed therein.

E. A district board at all times remains ultimately responsible for the obligations described in this section and for ensuring compliance with the requirements of this regulation; however, a district board may delegate to the district superintendent or his designee(s) the task of (i) prospectively reviewing Existing Instructional Materials in the first instance and removing any materials that do not satisfy the requirements of this section,

1

# EXHIBIT A

and (ii) reviewing potential New Instructional Material in the first instance and when deemed prudent or when requested by the district board, providing a report and recommendation to the district board regarding the material's educational suitability and compliance with this regulation's requirements.

IV. Public Participation in a District's Review of Existing Instructional Material

Beginning August 1, 2024, a parent or legal guardian of any student who attends a school within a school district and who has made a good faith effort to address their concerns regarding non-compliance with this regulation with school level or district level staff shall have the right to file a complaint requesting that specifically identified Existing Instructional Material be discontinued for any grade level or age group and/or removed by the district board from all district schools and/or should be subject to a requirement of parental consent for some or all grade levels or age groups pursuant to the following procedures:

A. Complainant shall file a petition with the district board, on a form promulgated by the State Department of Education ("SCDE") and provided by the SCDE to the district board, which the district board shall make readily available on its website, and which is the sole form that a district or district board may use for purposes of compliance with this regulation. No Complainant shall file more than five petitions in any given calendar month. On the form, the Complainant shall identify, with specificity, those Existing Instructional Materials that the Complainant requests be removed entirely from district schools, or the use of which Complainant requests should be discontinued for any grade level or age group, or which should be subject to a requirement of parental consent for some or all grade levels or age groups. Complainant's petition shall affirm that Complainant has read or watched or otherwise reviewed the challenged material and shall specify the reason(s) for Complainant's request and why Complainant believes the identified materials should be removed from district schools entirely or should be discontinued for any grade level or age group or which should be subject to a requirement of parental consent for some or all grade levels or age groups. Any complaint filed pursuant to this section must be based solely on the criteria listed above. Complainant shall further verify that the Complainant has made a good faith effort to address their concerns regarding non-compliance with this regulation with school level or district level staff.

B. Within 90 days after a complaint has been received, a quorum of the district board must conduct a public meeting to consider the complaint, and at that public meeting, vote to grant or deny, in whole or in part, the relief requested by the Complainant. This public meeting shall be held in accordance with the requirements of the South Carolina Freedom of Information Act, and the Complainant and other interested parties must be allowed to appear and present information in support of or in opposition to the relief requested in the complaint. Reasonable and even-handed limitations aligned with standing board policies on the number of other interested parties presenting information and the length of said presentation shall be acceptable in order to facilitate efficient meetings. A district board may, in its discretion, and in advance of the meeting described in this subsection, refer the complaint to a committee comprised of a least three district board members and whose membership is limited to the district board's members, to conduct an initial review of the complaint and the challenged material and to provide a report and recommendation to the full district board to be considered and either adopted or rejected by the district board at the public meeting required by this subsection to be held within 90 days after the board receives the complaint.

C. If the district board finds that Existing Instructional Materials identified in a complaint do not satisfy the requirements of this regulation, the district board shall remove entirely or discontinue use of said materials for any grade level or age group for which such use is inappropriate or unsuitable, or, shall make such materials available to students only upon receipt of the consent of a student's parent or legal guardian. The district board shall announce its decision in that meeting and shall provide an explanation for its conclusion and decision—either orally at the public meeting (if such meetings are recorded or transcribed) or in writing made publicly available within 15 days thereafter—specifically including an explanation of how the district board applied and complied with the decisional criteria and requirements of this regulation.

# EXHIBIT A

D. Any Complainant who is aggrieved by a decision of the district board under this process may file a written appeal to the State Board of Education (State Board) within 30 days after the district board announces its decision in a public meeting. Upon receipt of a written appeal, the State Board shall notify the district boards in the State or shall otherwise make available to them information identifying the materials at issue in any appeal(s) pending before the State Board. Any district boards in which a challenge to the same material is also pending shall stay their proceedings and abstain from further review or the rendering of a decision to await the State Board's decision to appeal.

E. At or before the second regularly scheduled meeting of the State Board after an appeal has been received pursuant to subsection IV.D., a quorum of the State Board or, in the discretion of the State Board, a committee comprised of at least five of the State Board's members, must conduct a public meeting to consider the appeal. If such meeting is conducted by a quorum of the State Board, the State Board shall, at that public meeting, vote to grant or deny, in whole or in part, the relief requested by the Complainant. If such meeting is conducted by a committee of the State Board, the committee shall provide a report and recommendation to the full State Board to be considered and either adopted or rejected by the State Board at its next regularly scheduled meeting. The public meetings contemplated in this subsection shall be held in accordance with the requirements of the South Carolina Freedom of Information Act, and the Complainant and other interested parties must be allowed to appear and present information in support of or in opposition to the relief requested in the complaint. If the State Board finds that Existing Instructional Materials identified in an appeal do not satisfy the requirements of this regulation, the State Board shall instruct the district board to remove entirely or discontinue use of said materials for any grade level or age group for which such use is inappropriate or unsuitable, or to make such materials available to a student only upon receipt of the consent of the student's parent or legal guardian. The State Board shall, at the time it communicates its decision to the district board, provide a written explanation for its conclusion and decision that is publicly available and that includes an explanation of how the State Board applied and complied with the decisional criteria and requirements of this regulation.

F. In no event shall the State Board's decision in a matter arising under subsection IV.D. and IV.E of this section be based primarily on or motivated primarily by disagreement with or opposition to the viewpoints expressed within the challenged material.

V. District's Selection of New Instructional Materials

A. Any New Instructional Material must be determined to comply with and satisfy the criteria set out in Section III of this regulation prior to being made available to students in the classroom, school library/media center, or reading list. Once available to students, such materials will be deemed Existing Instructional Materials that are subject to the challenge, review, and appeal process described in Section IV of this regulation.

B. In no event shall a decision in a matter arising under this Section be based primarily on or motivated primarily by disagreement with or opposition to the viewpoints expressed within the challenged material.

VI. Statewide Effect of the State Board of Education's Determination of the Educational Suitability or the Age or Developmental Appropriateness of Specific Instructional Materials

A. A decision by the State Board sitting in its capacity as an administrative appellate forum described in subsections IV.D. and IV.E of this regulation regarding the educational suitability or the Age or Developmental Appropriateness of a specific book or other Instructional Material pursuant to the criteria and requirements of this regulation shall be deemed conclusive and binding on all public schools, public school districts, and district boards in this State until such time as the State Board alters or revises its

# EXHIBIT A

determination. At the time the State Board communicates such decision to the district board from which the appeal arose, the State Board shall also communicate its decision to each district board in the State. All district boards shall promptly comply with the State Board's conclusion by, in the case of Existing Instructional Material found unsuitable or age or developmentally inappropriate, removing the material, and in the case of any new instructional material found unsuitable or age or developmentally inappropriate, by not acquiring, obtaining, or purchasing such material in the future.

B. In addition, the State Board may, but is not required to, of its own volition and on its own initiative, make determinations regarding the educational suitability or the Age or Developmental Appropriateness of specific Instructional Materials pursuant to the criteria and requirements of this regulation. Such determinations shall be communicated to every district board in the State and shall be conclusive and binding on all public schools, public school districts, and district boards in this State until such time as the State Board alters or revises its determination.

C. A district board that is in receipt of a complaint submitted pursuant to subsection IV.A of this regulation may, by written request submitted to the State Board's chairperson within 30 days after the district's receipt of the complaint, request that the State Board accept jurisdiction over the complaint and consider and decide it in the first instance. The decision of whether to grant such a request is in the sole discretion of the State Board, and, if its declines such a request, the complaint shall be reviewed and decided by the district board pursuant to subsection IV.A, IV.B., and IV.C. of this regulation.

D. The fact that the State Board of Education has not opined on the educational suitability, or the age or developmental appropriateness of a given book or other Instructional Material does not give rise to any presumption that the material is or is not educationally suitable or Age and Developmentally Appropriate.

VII. Enforcement

If, after investigation, the State Board determines that a public school district, a district board, or a district employee has violated or failed to comply with or apply the criteria and requirements described in this regulation, the school district or the employee of the school district, as applicable, will be subject to the following:

A. For a first violation or failure, the State Board shall issue a written warning to the district board or to the employee, as applicable.

B. For a second or subsequent violation or failure, if the State Board determines that the violation or failure was knowing or intentional or willful or recklessly disregarded the district's or the employee's actual or constructive knowledge of the criteria and requirements in this regulation, the district Superintendent or the relevant employee or the district's board chairperson may be subject to a hearing conducted by the State Board, and any response that the Board, in its discretion, deems appropriate.

VIII. Preemption

A. This regulation shall, upon its effective date, preempt, supersede, and replace any district, local or school policy or practice to the extent such policy or program is inconsistent with this regulation.

B. The requirements of this regulation apply to and supplement the process by which local district boards selects or approves of textbooks; however, nothing in this regulation is intended to alter, diminish, or supersede the requirements and process for the selection and procurement of textbooks under S.C. Code Ann. Section 59-31-550 and its implementing regulations.

# EXHIBIT A

   C. Nothing in this regulation is intended to supersede the provisions of the South Carolina Code, including South Carolina's Comprehensive Health Education Act (S.C. Code Ann. Section 59-32-5 *et. seq.*), Erin's Law (S.C. Code Ann. Section 59-32-20(B)), Gavin's Law (S.C. Code Ann. Section 16-15-430), or any other law relating to educating children about how to report sexual abuse.

   D. Nothing in this regulation is intended to alter or diminish parents' rights under the Constitution, other laws, regulations, or policies to request that their child opt-out of participation in or the use of specific books, lessons, or materials used in his or her public school, even if those books, lessons, or materials are otherwise permissible under the standard and processes established by this regulation.

*View the full South Carolina Code of State Regulations by clicking here.