# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| South Carolina Association of School Librarians; D.R., by and through his parents, Leah Moore and Charles Rhyne; H.A.C., by and through her parents Susan Cridland-Hughes and Jed Cridland-Hughes; H.M.C., by and through her parents Susan Cridland-Hughes and Jed Cridland-Hughes, <br><br> Plaintiffs, <br><br> vs. <br><br> Ellen Weaver, in her official capacity as South Carolina Superintendent of Education; Greenville County School District, <br><br> Defendants. | C.A. No. 2:25-cv-12857-DNC <br><br><br> **Defendant Greenville County School District's Answers to Local Civil Rule 26.01 Interrogatories** |

Defendant Greenville County School District answers the Local Civil Rule 26.01 (D.S.C.) Interrogatories as follows:

(A)     State the full name, address, and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of that interest.

**ANSWER:**

Not applicable.

(B)     As to each claim, state whether it should be tried jury or nonjury and why.

**ANSWER:**

The case should not be tried to a jury because plaintiffs seek only declaratory and injunctive relief.

(C) State whether the party submitting these responses is a publicly owned company and separately identify (1) any parent corporation and any publicly held corporation owning ten percent (10%) or more of the party's stock; (2) each publicly owned company of which it is a parent; and (3) each publicly owned company in which the party owns ten percent (10%) or more of the outstanding shares.

**ANSWER:**

Not applicable.

(D) State the basis for asserting the claim in the division in which it was filed (or the basis of any challenge to the appropriateness of the division). *See* Local Civ. Rule 3.01 (D.S.C.)

**ANSWER:**

Defendant contends that, under Local Civ. Rule 3.01 (D.S.C.), the Columbia Division is more appropriate for adjudication of these claims. Defendants are located in Columbia and Greenville, and the vast majority of the events giving rise to Plaintiffs' claims occurred in Columbia or Greenville County. For example, Regulation 43-170 at issue was introduced, debated, and adopted in Columbia, and the South Carolina State Board of Education interprets and applies the regulation in Columbia. Moreover, most of the witnesses are located in Columbia and Greenville.

(E) Is this action related in whole or in part to any other matter filed in this district, whether civil or criminal? If so, provide (1) a short caption and the full case number of the related action; (2) an explanation of how the matters are related; and (3) a statement of the status of the related action. Counsel should disclose any cases that may be related regardless of whether they are still pending. Whether cases are related such that they should be assigned to a single judge will be determined by the clerk of court based on a determination of whether the cases arise from the same or identical transactions, happenings, or events; involve the identical parties or property; or for any other reason would entail substantial duplication of labor if heard

by different judges.

**ANSWER:**

On information and belief, this action is related to another civil action previously brought in this Court: *South Carolina State Conference of the NAACP, et al. v. Weaver, et al.,* No. 3:25-cv-000487 SAL (D.S.C.) (filed January 27, 2025). Both actions arise from similar events, are asserted against the same Defendant, Ellen Weaver, and involve nearly identical legal issues. The related action is currently pending appeal.

(F)    *[Defendants only.]*  If the defendant is improperly identified, give the proper identification and state whether counsel will accept service of an amended summons and pleading reflecting the correct identification.

**ANSWER:**

The Greenville County School District does not contest the identification in the case caption; however, it does not hereby waive any arguments that it is not a proper defendant against whom some or all of the claims in the Complaint are asserted or from whom the requested relief can be obtained.

(G)    *[Defendants only.]*  If you contend that some other person or legal entity is, in whole or in part, liable to you or the party asserting a claim against you in this matter, identify such person or entity and describe the basis of their liability.

**ANSWER:**

Not applicable.  The Greenville County School District does not hereby waive any arguments that it is not a proper defendant against whom some or all of the claims in the Complaint are asserted or from whom the requested relief can be obtained.

*[SIGNATURE PAGE FOLLOWS]*

Respectfully submitted,

HALLIGAN MAHONEY WILLIAMS SMITH
FAWLEY & REAGLE, PA


By: s/ John M. Reagle
    John M. Reagle, Fed. I.D. No. 7723
    jreagle@hmwlegal.com

    Thomas K. Barlow, Fed. I.D. No. 7483
    tbarlow@hmwlegal.com

    P.O. Box 11367
    Columbia, South Carolina 29211
    (803) 254-4035

**Attorneys for Greenville County School District**

December 29, 2025

Columbia, South Carolina